Brown et ux. v. Martin's Executors.

PER CUR. Let the *scire facias* issue.

---

BROWN AND WIFE v. MARTIN'S EXECUTORS.

After a report of auditors, voluntarily appointed by the parties, one of the parties cannot allege an *ex parte* proceeding by another tribunal in opposition to it.

This was an action of debt, brought to recover a legacy from the executors ; the executors pleaded *want of assets,* and by consent it was referred to auditors to state the assets, who reported them to amount to above £300.

*Aa. Ogden* moved for judgment.

*Leake* opposed the motion. There should be a rule to show cause; the Orphans' Court have settled the accounts, and stated a much less sum, and their settlement is conclusive on the auditors.

*Ogden,* in reply. The settlement by the Orphans' Court was subsequent to the suit, and reference entered ; besides, it should have been pleaded.

KINSEY, C. J.

It appears a plea was filed stating a deficiency of assets, and by consent the matter was referred to auditors. Against a tribunal erected by themselves, the executors go before the [208] Orphans' Court and procure their accounts to be settled in a different manner, without notice to the opposite party. Indeed, if Brown had been notified, I do not know that it would have been incumbent on him to have attended. The executors now hold up this collateral settlement in bar of what the auditors have done. It is not to be countenanced; the plaintiffs are entitled to judgment.